UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | EDCV 18-00744 AG (SHKx) | Date | June 1, 2018 |
|---|---|---|---|
| Title | LINDA MARX v. RUTH LEVITSKY ET AL. | | |

| Present: The Honorable | ANDREW J. GUILFORD | |
|---|---|---|
| Lisa Bredahl | Not Present | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |

**Proceedings:** **[IN CHAMBERS] ORDER TO SHOW CAUSE CONCERNING SUBJECT MATTER JURISDICTION**

"Federal courts are courts of limited jurisdiction," and they possess "only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). Defendant Ruth Levitsky invoked that limited jurisdiction when she filed a notice of removal in federal court. *See id.* ("It is to be presumed that a cause lies outside of [a federal court's] limited jurisdiction," and "the burden of establishing the contrary rests upon the party asserting jurisdiction.").

Levitsky asserts that removal is proper under 28 U.S.C. § 1332 and 28 U.S.C. § 1446(b). (Notice of Removal, Dkt. No. 1 at 1–2.) But for that to be true, Levitsky must be able to satisfy the requirements of both diversity jurisdiction and removal.

Diversity jurisdiction is an appropriate grounds for removal when (1) each plaintiff is a citizen of a different state than each defendant, and (2) the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a). Courts in the Ninth Circuit "strictly construe the removal statute against removal jurisdiction." *Guas v. Miles Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). This strong presumption against removal jurisdiction means that defendants always have the burden of establishing, by a preponderance of evidence, that removal is proper. *See id.*; *See also Naffe v. Frey*, 789 F.3d 1030, 1040 (9th Cir. 2015). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Guas*, 980 F.2d at 566.

Here, Plaintiff Linda Marx is a citizen of Canada, Levitsky is a citizen of California, and Cross-Defendant Village Complex Management, Inc., dba Village Complex Limited Partnership, is a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | EDCV 18-00744 AG (SHKx) | Date | June 1, 2018 |
|---|---|---|---|
| Title | LINDA MARX v. RUTH LEVITSKY ET AL. | | |

citizen of Oregon. The amount in controversy is well over $75,000. Those representations are well taken. But Levitsky has not shown that removal was proper. The proof of service that Levitsky filed showed that she was served on March 12, 2018. A defendant has 30 days from service of process to file a notice of removal. 28 U.S.C. § 1446(b). Here, Levitsky was therefore required to file her notice of removal by April 11, 2018. Yet her notice of removal was filed on April 12, 2018.

"Nothing is to be more jealously guarded by a court than its jurisdiction." *See United States v. Ceja-Prado*, 333 F.3d 1046, 1051 (9th Cir. 2003) (internal quotation marks omitted). The Court ORDERS Levitsky to appear at a hearing on Monday **July 2, 2018 at 9:00 a.m.** to show cause why this case should not be remanded for lack of subject matter jurisdiction.

|  | : | 0 |
|---|---|---|
| Initials of Preparer | lmb | |