UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

| Case No. | EDCV 18-00744 AG (SHKx) | Date | June 18, 2018 |
|---|---|---|---|
| Title | LINDA MARX v. RUTH LEVITSKY ET AL. | | |

| Present: The Honorable | ANDREW J. GUILFORD | |
|---|---|---|
| Lisa Bredahl | Not Present | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs: Attorneys Present for Defendants:

**Proceedings:** **[IN CHAMBERS] ORDER REMANDING CASE**

Plaintiff Linda Marx filed this lawsuit, which is based on an alleged car collision in Palm Desert, California, against Defendant Ruth Levitsky in the Riverside County Superior Court. Levitsky then filed a cross-complaint against Village Complex Management, Inc., dba Village Complex Limited Partnership. Marx is a citizen of Canada, Levitsky is a citizen of California, and Village Complex is a citizen of Oregon. (Notice of Removal, Dkt. No. 1 at ¶ 2.) Asserting an amount in controversy of well over $75,000, Levitsky removed this case to federal court based on diversity jurisdiction under 28 U.S.C. § 1332. (*Id.* at ¶¶ 2, 4.) *See also* 28 U.S.C. § 1441.

But Levitsky failed to comply with the procedural requirements for removal. *See* 28 U.S.C. § 1446. Levitsky had 30 days from the date she was served to file a notice of removal. 28 U.S.C. § 1446(b). She filed her notice of removal on April 12, 2018, asserting that it was timely. (Notice of Removal, Dkt. No. 1 at ¶ 5.) But Levitsky was served on March 12, 2018. So the last day she could remove this case was April 11, 2018.

"Federal courts are courts of limited jurisdiction," and they possess "only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). "It is to be presumed that a cause lies outside of [a federal court's] limited jurisdiction," and "the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* The Court therefore issued an order to show cause why this case should not be remanded for lack of subject matter jurisdiction, and ordered the parties to be prepared to discuss the issue at their scheduling conference. (Dkt. Nos. 14, 15.) The parties didn't file any briefs regarding federal jurisdiction. But at the June 11, 2018 scheduling conference, the parties agreed to argue, and specifically asked the Court to rule on, subject matter jurisdiction.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | EDCV 18-00744 AG (SHKx) | Date | June 18, 2018 |
|---|---|---|---|
| Title | LINDA MARX v. RUTH LEVITSKY ET AL. | | |

Levitsky's counsel stated that the notice of removal had been prepared and handed over to a third party filing company on April 9, 2018, and no one had followed up with the third party filing company. Counsel further said that, when it became apparent on April 12 that the notice of removal had been filed late, it caused "turmoil" in their office. And so Levitsky's counsel asked the Court to excuse the untimeliness of the notice of removal, citing "excusable neglect" under Federal Rule of Civil Procedure 6. *See* Fed. R. Civ. P. 6(b)(1)(B).

But there are several problems with the argument presented by Levitsky's counsel. To start, if on April 12, 2018 counsel was aware of, and in "turmoil" because of, the untimeliness of the notice, then why didn't counsel bring the issue to the attention of the Court? Counsel here, like all attorneys, owed a duty of candor to the Court. *See Campbell v. Rice*, 408 F.3d 1166, 1175 (9th Cir. 2005); *see also* ABA Model Rules of Professional Conduct Rule 3.3(a)(1) (2018) ("A lawyer shall not knowingly . . . fail to correct a false statement of material fact or law previously made to the tribunal by the lawyer"). Yet counsel said nothing about this issue until nearly two months after the removal was filed, and then only upon a court order.

Next, Levitsky's counsel cited no authority applying the Rule 6(b) "excusable neglect" standard to the statutory removal deadline. Courts in the Ninth Circuit "strictly construe the removal statute against removal jurisdiction." *Gaus v. Miles Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citation omitted). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id.* Accordingly, the Court finds that Levitsky waived her right to remove the case when she failed to timely file her notice of removal. *See Cantrell v. Great Republic Ins. Co.*, 873 F.2d 1249, 1256 (9th Cir. 1989) ("appellees lost their opportunity to remove the case when they failed to file . . . for removal within 30 days . . . ."). At any rate, Levitsky, who was served in Riverside County, should have no problem defending this Riverside County car accident case in Riverside County Superior Court. (Proof of Service Summons & Complaint, Dkt. No. 1 at p.12)

"Nothing is to be more jealously guarded by a court than its jurisdiction." *See United States v. Ceja-Prado*, 333 F.3d 1046, 1051 (9th Cir. 2003) (internal quotation marks omitted). The Court REMANDS this case to the appropriate state court. All other pending matters are VACATED.

|  | : | 0 |
|---|---|---|

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | EDCV 18-00744 AG (SHKx) | Date | June 18, 2018 |
| Title | LINDA MARX v. RUTH LEVITSKY ET AL. | | |

Initials of Preparer     lmb